## SOUTH BEND SUPPLY COMPANY *v.* SMITH.

[No. 14,502. Filed January 22, 1935. Rehearing denied April 19, 1935.]

Thad M. Talcott, Jr., and Walter R. Arnold, for appellant.

Eli F. Seebirt, Lenn J. Oare, Orlo R. Deahl, and George W. Omacht, for appellee.

BRIDWELL, J.—Appellant, a corporation, brought this action against appellee seeking to recover judgment for an amount of indebtedness alleged to be due it from appellee on open account. An itemized statement of the account is made a part of the complaint. Appellee filed answer in two paragraphs, the first paragraph of which is in general denial, and the second, omitting formal parts and the bill of particulars, is as follows: "The defendant for set-off herein, complains of the plaintiff and alleges that the plaintiff is indebted to this defendant in the sum of one thousand three hundred sixty-eight and 53/100 dollars ($1,368.53) a bill of par-

ticulars of which is filed herewith, marked "Exhibit A" and made a part hereof; that there has been long and unreasonable delay in the payment of said account, and that by reason thereof, the defendant is entitled to interest on said sum from the first day of May, 1925. That said sum is now due and unpaid. Wherefore, defendant demands judgment against the plaintiff in the sum of fifteen hundred dollars ($1500.00) and for all other proper relief." The bill of particulars discloses that the amount which appellee claims is due to him from appellant is for unpaid salary. The cause was submitted to a jury for trial, and the following verdict returned: "We, the jury, find for the plaintiff on its complaint, and assess its recovery in the sum of $209.28, and we find for the defendant on his set-off, and assess his recovery at the sum of $700.00." Appellant filed its motion for a new trial alleging as causes therefor, that the verdict of the jury is not sustained by sufficient evidence; that said verdict is contrary to law; error in the admission of evidence and in overruling motion to strike such admitted testimony from the record and instruct the jury to disregard the same; error in the refusal to give, and in the giving of certain instructions; error in the assessment of the amount of recovery of plaintiff in that the amount is too small; and error in the assessment of the amount of recovery in favor of the defendant in that said amount is too large. This motion was overruled and appellant excepted. Judgment was rendered in accordance with the verdict and this appeal thereafter perfected, the sole error assigned and relied upon for reversal being alleged error in overruling appellant's motion for a new trial.

From the evidence it appears that in the year 1922 appellee, Albert E. Klinger, and Fred W. Knoblock, desiring to purchase certain outstanding shares of the

capital stock of appellant arranged between themselves to borrow money to acquire such stock, pooling their interests and executing both joint and several obligations to secure funds to accomplish their purpose, the stock so purchased to be held and owned severally in the following proportion: forty per cent by appellee, forty per cent by Klinger, and twenty per cent by Knoblock; that they did acquire such stock, and thereafter the aggregate holdings of the three comprised approximately ninety-five per cent of the outstanding capital stock of the corporation; the three constituted the board of directors of the corporation, and served as its officers as well, Klinger being President, appellee Vice-President, and Knoblock, Secretary-Treasurer; the board of directors fixed the salary of each of these officials at $10,000 per year and later increased the amount to $14,000 per year, and each had an individual account carried on the books of the corporation; there was also set up on the books of the corporation an account designated as "capital account," and, from time to time, as any obligation given in order that the said stock so purchased might be acquired fell due, the same was paid by the corporation and charged to capital account, and, at the end of a year the total amount of the capital account was charged to the individual accounts of appellee, Klinger, and Knoblock, twenty per cent being charged to Knoblock's account and forty per cent to each of the other two accounts, and the capital account was credited with these several charges and thus balanced. When it was agreed that the capital account should be set up on the books of the corporation, and the debts incurred by its three directors in acquiring said stock be paid by the corporation and charged to said account, it was also understood that each of the three directors would leave in his individual account approximately two-thirds of his salary to off-

set advances made from the capital account in discharging such obligations; this arrangement continued through the years 1922, 1923, and 1924, but in the early part of the year 1925 appellee, Klinger, and Knoblock, had negotiations which eventually led to the sale by appellee of all the capital stock of appellant which he owned to said other two directors, and on April 18, 1925, the said parties executed the following written instrument, to-wit: "LaRue Smith, the owner of 322 (three hundred twenty-two) shares of common stock in the South Bend Supply Co., agrees to deliver and transfer 284 (two hundred eighty-four) shares of said stock which are now in his possession, and to assign 38 (thirty-eight) shares held as collateral by Mrs. Retha W. Long to T. W. Knoblock and A. E. Klinger as directed on Saturday, April 25, 1925, for the consideration of $41,609.10 (forty-one thousand six hundred nine dollars and ten cents)." On the said 25th day of April appellee did transfer and assign his said stock pursuant to his agreement so to do, and resigned as a director and as vice-president.

It is also shown by the evidence that following appellee's disposal of the capital stock he had owned, he received from the appellant several statements of account claimed to be due and owing from him to appellant, these statements varying in amount from $454.46 to $1954.46, and no two alike; appellee and Knoblock (under whose supervision the account books of the corporation were kept) conferred about this claimed indebtedness, and with the consent of appellant, appellee had an accountant audit said books and thereafter appellant also had an accountant make an audit; both accountants testified as witnesses in this cause, and many exhibits were introduced in evidence. We have considered the evidence and are of the opinion that it is sufficient to sustain the verdict returned.

It is contended by appellant that the court erred in admitting in evidence testimony concerning the negotiations between appellee, Klinger, and Knoblock concerning the sale of appellee's stock to the other two, it being asserted that this was a transaction between individuals, and such evidence not competent for said reason. The evidence was relevant as tending to explain why certain charges and credits appeared on the books of the appellant in the "capital account" and the individual account of appellee, and its admission did not constitute reversible error. It follows that the court did not err in overruling appellant's motion to strike such evidence from the record and instruct the jury to disregard the same.

Error is claimed on account of the refusal of the court to give appellant's tendered instructions numbered three and four, and in the giving of appellee's tendered instruction numbered two. We have considered these alleged errors, and in view of the facts disclosed by the evidence, we find no error in this respect that requires a reversal.

The judgment is affirmed.